## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

——————————————————————

**Patricia Abamonte individually and on behalf of
all others similarly situated,**

|  |  |
|---|---|
| **Plaintiff,** | **No.  18 cv - 5024** |
| **v.** | **CLASS ACTION** |
| **EGS Financial Care, Inc.** | **Jury Demanded** |
| **Defendants.** | |

——————————————————————

### Class Action Complaint for
### Violations of the Fair Debt Collection Practices Act

1.  Plaintiff Patrica Abamonte ("Plaintiff" or "Abamonte") files this Complaint seeking redress for the illegal practices of Defendant EGS Financial Care, Inc. (hereinafter, EGS), in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2.  Among other violations, Defendant has violated the Plaintiff's and the putative class members', rights under the FDCPA by failing to provide consumers with the notices to which they are entitled by statute, thereby depriving consumers of their full ability to resolve the alleged debts.

1

**Parties**

3.  Plaintiff Patricia Abamonte is a citizen of New York State who resides within this District.

4.  Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

5.  The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was incurred for a consumer credit card.

6.  Defendant is a corporation regularly engaged in the collection of debts allegedly due to others.

7.  The principal purpose of the Defendant is the collection of debts.

8.  Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

**Jurisdiction and Venue**

9.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10.  Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

11.  Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

12.  Venue is also proper in this district since Defendant transacts business in this district.

2

## Factual Allegations

13. Defendant alleges that Plaintiff owes a debt originally owed to Synchrony Bank for an Amazon.com consumer credit card.

### Exhibit A

14.  In an attempt to collect the alleged debt, on or about September 8, 2017, Defendant sent Plaintiff the debt collection letter. **(Exhibit A)**

15. Exhibit A seeks to collect the debt.

16. Exhibit A states that the Plaintiff owes a "***TOTAL ACCOUNT BALANCE***" of $942.29.

16. Exhibit A states that the Plaintiff has an ***"AMOUNT NOW DUE"*** of $208.00.

17. Exhibit A fails to effectively and clearly notify the Plaintiff as to the amount of the alleged debt.

18. Exhibit A does not give the Plaintiff the information necessary for the Plaintiff to pay the alleged debt in full.

19. Exhibit A additionally states

***Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.***

3

20. Exhibit A does not provide the least sophisticated consumer the entire "safe harbor" language provided by the Second Circuit in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016).   This deprives the least sophisticated consumer the ability to determine how much is owed on the alleged debt, thereby depriving them of their right to this information.

21. Exhibit A is false and misleading in that it can be understood in two different ways, one of which is false.

22. Exhibit A violates 15 USC 1692e, and various subdivisions thereto, in that it fails to inform the Plaintiff of the amount of the debt, and how much is needed to pay off the debt.  *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016); *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 215-17 (2d Cir. 2017).

23. Exhibit A violates the FDCPA, *Avila*, and *Carlin* in that the Plaintiff is misled as to the proper amount, character, and status of the debt.

24. Exhibit A is deceptive, unfair and unconscionable and violates 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10), 15 USC 1692f, 15 USC 1692g, and 15 USC 1692f(1), in that it fails to inform the Plaintiff that interest may continue to accrue on the account and how much. Nor does it explain on whether interest is continuing to accrue on the "Total Account Balance" and/or the "Amount Now Due."  Nor does it provide the entire safe harbor language provided by the Second Circuit in *Avila*.  Exhibit A is misleading in that it does not inform the consumer

that interest is actually accruing and how much, hereby depriving the Plaintiff of their ability to determine how much needs to be paid to satisfy the alleged debt.  It leaves the consumer unable to determine the amount of the debt needed to pay off the debt.

25.  Additionally, the initial letter Defendant sent to the Plaintiff violates 15 USC 1692g(a) in that it fails to properly and effectively convey to Plaintiff the amount of the debt that is allegedly owed, as specifically required by the FDCPA.

26. If interest was not being applied then Exhibit A is deceptive in that it indicates that interest is accruing. This violates 15 USc 1692e, 1692e(2), 1692e(5), and 1692e (10).


**Exhibit B**

27.     In an attempt to collect the alleged debt, on or about October 18, 2018, Defendant sent Plaintiff the debt collection letter. **(Exhibit B)**

28.     Exhibit B seeks to collect the debt.

29.     Exhibit B states that the Plaintiff owes a "***TOTAL ACCOUNT BALANCE***" of $998.63.

30. Exhibit B states that the Plaintiff has an ***"AMOUNT NOW DUE"*** of $275.00.

31. Exhibit B fails to effectively and clearly notify the Plaintiff as to the

amount of the alleged debt.

32. Exhibit B does not give the Plaintiff the information necessary for the Plaintiff to pay the alleged debt in full.

33. Exhibit A additionally states

**Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.**

34. Exhibit B does not provide the least sophisticated consumer the entire "safe harbor" language provided by the Second Circuit in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016).   This deprives the least sophisticated consumer the ability to determine how much is owed on the alleged debt, thereby depriving them of their right to this information.

35. Exhibit B is false and misleading in that it can be understood in two different ways, one of which is false.

36. Exhibit B violates 15 USC 1692e, and various subdivisions thereto, in that it fails to inform the Plaintiff of the amount of the debt, and how much is needed to pay off the debt.  *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016); *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 215-17 (2d Cir. 2017).

37. Exhibit B violates the FDCPA, *Avila*, and *Carlin* in that the Plaintiff is misled as to the proper amount, character, and status of the debt.

38. Exhibit B is deceptive, unfair and unconscionable and violates 15 USC

1692e, 15 USC 1692e(2), 15 USC 1692e(10), 15 USC 1692f, and 15 USC

1692f(1), in that it fails to inform the Plaintiff that interest may continue to accrue

on the account and how much. Nor does it explain on whether interest is

continuing to accrue on the "Total Account Balance" and/or the "Amount Now

Due." Nor does it provide the entire safe harbor language provided by the Second

Circuit in *Avila*.  Exhibit B is misleading in that it does not inform the consumer

that interest is actually accruing and how much, hereby depriving the Plaintiff of

their ability to determine how much needs to be paid to satisfy the alleged debt.  It

leaves the consumer unable to determine the amount of the debt needed to pay off

the debt.

### *Class Action Allegations*

39.  Under Federal Rule of Civil Procedure 23, a class action is appropriate

and preferable in this case because:

    a.  Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

    b.  There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  These common questions include whether Exhibit A and/or Exhibit B violates the FDCPA.

    c.  The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories.  The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendant's records.

    d.  Plaintiff will fairly and adequately represent the class members' interests.  All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

    e.  Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

40.  A class action is superior for the fair and efficient adjudication of the class members' claims.

41. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

42. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

43.  Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

44. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

45. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendant's records, consists of: (a) all individuals who have mailing addresses within the United States; and (b) within one year before the

8

filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A and/or Exhibit B attached to Plaintiff's Complaint (d) which was not returned by the postal service as undeliverable.

46. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Violations of the Fair Debt Collection Practices Act

47.  Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

## Class Allegations Related to Exhibit A

48. By sending Exhibit A to Plaintiff, the Defendant violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10) and 15 USC 1692f, in that the Defendant did not properly and effectively convey the amount of the debt, and/or did not properly convey the language required by 15 USC 1692g.

49. By sending Exhibit B to Plaintiff, the Defendant violated 15 USC 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10) and 15 USC 1692f, in that the Defendant did not properly and effectively convey the amount of the debt.

50. Defendant's violations of 15 U.S.C. §1692, *et seq*., render Defendant liable to Plaintiff and the Class.

9

51. As a result of Defendant's deceptive, insidious, and unfair debt collection practices, Defendant is liable to Plaintiff and the Class.


**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

(A)    Statutory damages as provided by § 1692k of the FDCPA;

(B)    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C)    Declaratory relief declaring that Exhibit A and/or the initial letter Defendant sent Plaintiff violates the FDCPA; and

(D)     Any other relief this Court deems appropriate and just.


### Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip , New York
           September 4, 2018

                              RESPECTFULLY SUBMITTED,


                              S/ JOSEPH MAURO
                              Joseph Mauro
                              The Law Offices of Joseph Mauro, LLC
                              306 McCall Ave.
                              West Islip, NY 11795
                              Tel: (631) 669-0921

# EXHIBIT A

PO BOX 1020
DEPT 806
HORSHAM, PA 19044

||||||||||||||||||||||||||||||||||||||||||||||||||

4740 Baxter Road
Virginia Beach, VA 23462

||||||||||||||||||||||||||||||||||||||||||   120622 - 2393
PATRICIA ABAMONTE
11 GLEN HOLLOW DR APT D39
HOLTSVILLE, NY 11742

**EGS FINANCIAL CARE, INC.**

877-278-5297
OFFICE HOURS(ET):
8:00AM-10:00PM  Monday thru Friday
8:00AM-5:00PM  Saturday
10:30AM-7:30PM  Sunday
Sep 08, 2017

88113342811
CREDITOR:
Synchrony Bank
ACCOUNT #: XXXXXXXXXXXXX8010
REGARDING:
Amazon.com Store Credit Card Account
AMOUNT NOW DUE: $208.00
TOTAL ACCOUNT BALANCE: $942.29

The named creditor has placed the above account with our office for collection. Please enclose your check or money order. If you need to speak to a representative, you may call us at 877-278-5297.

You may also make payment by visiting www.syncbank.com/amazon.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded for quality assurance.

Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice. Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

    (i) the use or threat of violence;
    (ii) the use of obscene or profane language; and
    (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

    1. Supplemental security income, (SSI);
    2. Social security;
    3. Public assistance (welfare);
    4. Spousal support, maintenance (alimony) or child support;
    5. Unemployment benefits;
    6. Disability benefits;
    7. Workers' compensation benefits;
    8. Public or private pensions;
    9. Veterans' benefits;
    10. Federal student loans, federal student grants, and federal work study funds; and
    11. Ninety percent of your wages or salary earned in the last sixty days.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

This collection agency is licensed by the Department of Consumer Affairs of the City of New York; License# 1193681 and #1008018. Contact Alex Drew at 1-877-278-5297.

Notice: See Reverse Side For Important Information.
PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)
--------------------------------------------------------------------------------------------------

| Account # | TOTAL ACCOUNT BALANC |
|---|---|
| XXXXXXXXXXXX8010 | $ 942.29 |
| PATRICIA ABAMONTE | AMOUNT NOW DUE: |
| Payment Amount ⬇ | $208.00 |

$          •

Check here if your address or phone number has
changed and provide the new information below.

Make Payment To:

Synchrony Bank/Amazon.com
PO Box 960013
Orlando, FL 32896-0013

EGSP PN
2393

Federal and state law prohibit certain methods of debt collection, and require that we treat you fairly. If you have a complaint about the way we are collecting your debt, please visit our website at www.egsfinancialcare.com or contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., NW, Washington, DC 20580. If you want information about your rights when you are contacted by a debt collector, please contact the FTC online at www.ftc.gov.

# EXHIBIT B

PO BOX 1020
DEPT 806
HORSHAM, PA 19044

**EGS FINANCIAL CARE, INC.**

4740 Baxter Road
Virginia Beach, VA 23462

877-278-5297
OFFICE HOURS(ET):
8:00AM-10:00PM  Monday thru Friday
8:00AM-5:00PM  Saturday
10:30AM-7:30PM  Sunday
Oct 18, 2017

PATRICIA ABAMONTE
11 GLEN HOLLOW DR APT D39
HOLTSVILLE, NY 11742                          120632-211

88113342811
CREDITOR:
Synchrony Bank  *AMAZON STORE CARD*
ACCOUNT #: XXXXXXXXXXXX8010
REGARDING:
Amazon.com Store Credit Card Account
AMOUNT NOW DUE: $275.00
TOTAL ACCOUNT BALANCE: $998.63

The named creditor has placed the above account with our office for collection. Please enclose your check or money order. If you need to speak to a representative, you may call us at 877-278-5297.

You may also make payment by visiting www.syncbank.com/amazon.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded for quality assurance.

Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice. Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(i) the use or threat of violence;
(ii) the use of obscene or profane language; and
(iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

This collection agency is licensed by the Department of Consumer Affairs of the City of New York; License# 1193681 and #1008018. Contact Alex Drew at 1-877-278-5297.

Notice: See Reverse Side For Important Information.
PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Account # | TOTAL ACCOUNT BALANC |
|---|---|
| XXXXXXXXXXXX8010 | $ 998.63 |
| PATRICIA ABAMONTE | AMOUNT NOW DUE: $275.00 |
| Payment Amount | |

$

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

Synchrony Bank/Amazon.com
PO Box 960013
Orlando, FL 32896-0013

EGSP PN
211

Federal and state law prohibit certain methods of debt collection, and require that we treat you fairly. If you have a complaint about the way we are collecting your debt, please visit our website at www.egsfinancialcare.com or contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., NW, Washington, DC 20580. If you want information about your rights when you are contacted by a debt collector, please contact the FTC online at www.ftc.gov.